**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AQUARIUS JOHNSON,

    Petitioner,

                                      Case No. 2:21-CV-10938
                                      Honorable Nancy G. Edmunds

v.

LES PARISH,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Aquarius Johnson, ("petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for a writ of habeas corpus in this district pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his convictions for one count of armed robbery, one count of felon in possession of a firearm, and one count of felony firearm out of the Circuit Court for Berrien County, Michigan.[1] In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be transferred to that district.

**I. DISCUSSION**

28 U.S.C. 28 U.S.C. § 2241 (d) states:

---

[1] Petitioner states he was convicted in the Berrien County Circuit Court but does not list the actual crimes that he was convicted of. The Court obtained the information concerning the actual offenses that petitioner was convicted of from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

1

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) allows a state prisoner who seeks relief from a state court conviction to file a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, provided, of course, that both judicial districts are located within the same State. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Berrien County, Michigan and is presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, both located in the Western District of Michigan. A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000). Petitioner was convicted and sentenced in a state court located in the Western District of Michigan

2

and is incarcerated in a state facility likewise located in that district, thus, the United States District Court for the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v. Andrews,* 357 F.3d 535, 537-39 (5th Cir. 2004); *see also Young v. Horton,* No. 2:19-CV-12710, 2019 WL 4732481, at *1 (E.D. Mich. Sept. 26, 2019); *Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, *1 (E.D. Mich. Apr. 23, 2007)(because both the place of petitioner's conviction and the locale of his incarceration were in the Western District of Michigan, the only proper place of venue would be that district)(citing *Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975)). Being that petitioner's conviction occurred in a state court that is not located in the Eastern District of Michigan and petitioner is not presently in custody in this district, this Court shall transfer the matter to the United States District Court for the Western District of Michigan pursuant to § 2241(d). *See Dilworth v. Johnson*, 215 F.3d 497, 499, n. 1 (5th Cir. 2000); *Young v. Horton*, Slip. Op. at *1; *Manes v. Bell,* Slip. Op. at *1.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

>                   s/ Nancy G. Edmunds
>                   Honorable Nancy G. Edmunds
>                   United States District Judge

Dated:  June 3, 2021

3